UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────

DARRYL KNIGHTS,

                Plaintiff,

      v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

                Defendant.

**MEMORANDUM & ORDER**
24-CV-08769 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    The Court has reviewed the parties' positions on whether this case should be remanded due to Plaintiff's lack of standing under Article III of the U.S. Constitution. For the reasons below, the Court concludes that Plaintiff lacks such standing. As such, this action does not come within the Court's limited subject-matter jurisdiction and must be remanded to state court.

## BACKGROUND

    Defendant removed this case to this Court on December 23, 2024. *See* ECF No. 1. After reviewing the Complaint filed in state court, the Court issued the following Order:

> ORDER TO SHOW CAUSE: Defendant has removed this case, stating that this Court has subject-matter jurisdiction because Plaintiff brings claims under the Fair Credit Reporting Act ("FCRA"), implicating federal-question jurisdiction under 28 U.S.C. § 1331. *See* ECF No. 1 at para. 7. However, this Court appears to lack subject-matter jurisdiction because Plaintiff lacks standing under Article III of the United States Constitution.
>
> By now, it is well established that "a bare procedural violation," including of FCRA, "divorced from any concrete harm," fails to "satisfy the injury-in-fact requirement of Article III." *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 441 (2021). According to the Complaint filed in state court, Plaintiff alleges to have experienced "actual damages" in the form of "loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress." *See* ECF No. 11 at paras. 17, 24, 26. But "[w]ithout more, these conclusory allegations are insufficient" because they "fail to show how [Experian's] alleged error caused

[P]laintiff to suffer a concrete and particularized harm." *See Gross v. TransUnion, LLC*, 607 F. Supp. 3d 269, 273 (E.D.N.Y. 2022) (quotation omitted) (finding lack of Article III standing where the plaintiff alleged "'injury to his credit worthiness,' 'increased difficulty obtaining credit,' and 'embarrassment, humiliation, and other emotional injuries'"). And courts in this Circuit routinely reach the same conclusion when faced with similar allegations of injury. *See, e.g.*, *Zlotnick v. Equifax Info. Sols., LLC*, 583 F. Supp. 3d 387, 391 (E.D.N.Y. 2022) (plaintiff alleged "loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial"); *Hakobyan v. Experian Info. Sols., Inc.*, No. 23-cv-1532, 2024 WL 1468170, at *1 (E.D.N.Y. Apr. 4, 2024) ("perfunctory allegation of emotional distress" insufficient to confer Article III standing); *see also Spira v. Trans Union, LLC*, No. 21-cv-2367, 2022 WL 2819469, at *4 (S.D.N.Y. July 19, 2022) (collecting cases).

When a defendant removes a case from state court but the federal court lacks subject-matter jurisdiction due to the absence of Article III standing, remand is required. *See* 28 U.S.C. § 1447; *Hakobyan*, 2024 WL 1468170, at *2. Accordingly, on or before December 31, 2024, each party is ordered to show cause, in a letter not to exceed three pages, why this case should not be remanded to state court.

*See* Dec. 23, 2024, Order to Show Cause. On December 24, 2024, Plaintiff filed a response. *See* ECF No. 4.[1] Defendant did the same on December 31, 2024. *See* ECF No. 6.

## DISCUSSION

"The removing defendant has the burden of establishing federal jurisdiction." *Tantaros v. Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021).[2] "Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper." *United Food & Com. Workers Union, Loc. 919 v. Centermark Props. Merdien Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Here, although the

---

[1] The Court also directed Plaintiff to file a letter describing whether this case was properly removed from state court. *See* Dec. 23, 2024, Text Order. Plaintiff did not file that letter.

[2] From here on, unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. Citations to ECF refer to the pages assigned by the Electronic Case Files System.

parties agree that Plaintiff has suffered a concrete harm sufficient to confer standing, none of their respective arguments is persuasive.

The Court easily disposes of Plaintiff's arguments. Plaintiff's submission is not responsive to the Order to Show Cause, as he merely reiterates the Complaint's allegations that he experienced various harms (*e.g.*, mental and emotional pain) that the Court has already identified as failing to satisfy Article III's concrete injury requirement. *See* ECF No. 4 at 2. Indeed, Plaintiff puts the most emphasis on an alleged depressed credit score, but his explanation confirms that any concrete injury remains hypothetical: "The lowered credit score is detrimental to Plaintiff's credit worthiness [sic] in that almost all credit decisions are based on such credit scores." *See id.* Binding Second Circuit precedent forecloses such a theory of concrete injury. *See Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 65 (2d Cir. 2021) (where plaintiffs alleged that defendant's "delay adversely affected their credit[,] . . . making it difficult to obtain financing had they needed it in an emergency or for a new home," concluding that plaintiffs failed to establish Article III standing because they did "not allege[] that this purported risk materialized"). For the same reason, Plaintiff's other bald assertions of injury-in-fact—*e.g.*, "Plaintiff's reputation was harmed"—fare no better. *See* ECF No. 4 at 2.

For its part, Defendant wisely chooses "not [to] endeavor to convince the Court that Plaintiff's allegations of "'loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress' are sufficient in this jurisdiction, *by themselves*, to satisfy the Article III standing requirement." *See* ECF No. 6 at 2 (emphasis in original). Instead, its principal argument is that this case is different because of "Plaintiff's allegation that he suffered damages in the amount of $10,000." *See id.* That is correct as a factual matter. In Plaintiff's state court Complaint, he "demands judgment in the sum of $10,000." *See* ECF

3

No. 1-2 at 13–14. On that basis, Defendant says that Plaintiff's request for $10,000, which "exceeds the possible recovery of statutory damages available pursuant to the FCRA," represents a classic monetary injury sufficient to confer standing. *See* ECF No. 6 at 2–3.[3]

Defendant's argument is creative but doctrinally flawed. It is true that Plaintiff alleges that he was damaged in the amount of $10,000. But the existence of an injury-in-fact and the money damages claimed by a plaintiff are distinct issues. For this reason, district courts have repeatedly rejected Defendant's argument. *See Dixon v. Experian Info. Sols., Inc.*, No. 24-cv-1123, 2024 WL 3455038, at *2 (N.D. Ill. July 18, 2024) ("Defendants' first argument is that plaintiffs must have suffered a concrete injury because their complaints seek $10,001.01 'AD Damnun' [sic] (that is, according to the loss or harm) and state that they are pursuing 'actual damages.' But conclusory requests for particular damages shed little light on the concrete harm plaintiffs suffered and are insufficient to bring the suits within this court's jurisdiction."); *Salley v. Equixfax Info. Sols.*, No. 24-cv-5627, 2024 WL 5145841, at *5 (N.D. Ill. Dec. 17, 2024) (collecting cases). To be sure, Defendant attempts to shoehorn the $10,000 into an actual pocketbook injury, claiming that it is "a specific amount of monetarized harm [Plaintiff] alleges to have suffered *as a result* of Experian's conduct." *See* ECF No. 6 at 2 (emphasis added). But that curious construction[4] of the Complaint still errs by collapsing damages into injury-in-fact.

---

[3] Defendant also observes that Plaintiff alleges "that Experian published his inaccurate credit report to third parties." *See* ECF No. 6 at 2 (citing ECF No. 1-2 ¶¶ 16, 21). Defendant does not argue that is sufficient to confer Article III standing on Plaintiff, and Plaintiff's boilerplate allegations of dissemination are not enough "because the complaint does not clearly allege any facts demonstrating disclosure to third parties." *See Wan v. Trans Union, LLC*, No. 22-cv-115, 2022 WL 955290, at *2 (E.D.N.Y. Mar. 30, 2022) (analyzing and rejecting the same generic allegations).

[4] Although ultimately immaterial, this characterization is at odds with the Complaint, since Plaintiff's $10,000 demand explicitly covers "statutory, actual and punitive damages," as well as attorney's fees and costs. *See* ECF No. 1-2 at 13–14.

And it would allow any plaintiff with a non-concrete injury to elevate it into one justiciable in federal court merely by putting a price tag on it.  The law does not permit such an end run of Article III.  *See TransUnion*, 594 U.S. at 417 ("No concrete harm, no standing.").

In view of the foregoing, it is unsurprising that Defendant points to no case in which a court has endorsed its theory of standing.  And to the extent it tries to do so by relying on my decision in *Rana v. Equifax, Inc.*, its effort is unavailing.  No. 22-cv-07749, 2023 WL 3017803 (E.D.N.Y. Apr. 20, 2023).  To be sure, in that case's procedural history, I observed that although Plaintiff alleged that she "suffered actual damages," she did not "quantify" them.  *Id.* at *1.  Thus, says Defendant, the instant case is "readily distinguish[able]."  *See* ECF No. 6 at 2.  That way overreads *Rana*.  That decision does not suggest—nor could it, based on the above analysis—that merely quantifying damages in the complaint is sufficient to plead a concrete injury for Article III purposes.  Defendant's argument presents a factual distinction with *Rana* that makes no legal difference, so the outcome is the same:  remand is required.

## CONCLUSION

For the reasons provided herein, Plaintiff has no Article III standing and this Court lacks subject-matter jurisdiction.  Pursuant to 28 U.S.C. § 1447(c), this case is therefore remanded to the Supreme Court of the State of New York, Queens County.  The Clerk of Court is respectfully directed to mail a copy of this Order to the Clerk of the Queens County Supreme Court (Index No. 027282/2024).

SO ORDERED.

    */s/ Hector Gonzalez*
    HECTOR GONZALEZ
    United States District Judge

Dated:  Brooklyn, New York
       January 3, 2025